**Appeal No. 14-20241**

# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

MAURICE GOUDEAU,

*GOUDEAU-APPELLANT*

v.

NATIONAL OILWELL VARCO, L.P.,

*NOV-APPELLEE*

On Appeal from the United States District Court for the Southern District of Texas-Houston Division Case No. 4:12-CV-3332, entered March 28, 2014.

**REPLY BRIEF OF MAURICE GOUDEAU,
GOUDEAU-APPELLANT**

Terrence R. Robinson
Michelle Mishoe Miller
KENNARD BLANKENSHIP & ROBINSON, P.C.
5433 Westheimer Road, Suite 825
Houston, Texas 77056
Phone: (713) 742-0900
Email: Terrence.Robinson@kennardlaw.com
*Counsel for Maurice Goudeau-Appellant*

# **Table of Contents**

Table of Authorities ....................................................................................................3

Argument........................................................................................................ 4-15

   1. Goudeau's Prima Facie Case........................................................................4

   2. The District Court Held that Goudeau had Established a *Prima Facie* Case for Discrimination Based on Age. ...............................................................5

   3. Pretext ...........................................................................................................7

   4. Retaliation ..................................................................................................11

     A. The District Court held that Goudeau's Complaints were Protected Activity ..................................................................................................11

     B. A Causal Connection Exists ...................................................................12

Conclusion ...............................................................................................................15

# TABLE OF AUTHORITIES

*Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674 (5th Cir. 2001) .............................6

*Moss v. BMC Software, Inc.*, 610 F.3d 917 (5th Cir. 2010) ......................................6

# **ARGUMENT**

1. Goudeau's *Prima Facie* Case.

    Goudeau limited his appeal to the following issues:

    A. With regard to his discrimination claim, whether the District Court erred in granting National Oilwell Varco, L.P.'s Motion for Summary Judgment because Maurice Goudeau clearly demonstrated that National Oilwell Varco, L.P.'s reason for his termination was pretextual.

    B. With regard to his retaliation claim, whether the District Court erred in granting National Oilwell Varco L.P.'s Motion for Summary Judgment because Maurice Goudeau clearly demonstrated a causal connection existed between Maurice Goudeau's protected activity and his termination.

    NOV's Response brief is not the proper vehicle to bring up arguments not addressed in Appellant's brief. NOV did not file a cross appeal. The District Court had no issue with Goudeau's *prima facie* case of age discrimination and appropriately held that Goudeau had established all elements necessary to show that he had been discriminated against based on his age. ROA 831.

    NOV has attempted in a majority of its Response to defeat a portion of the District Court's holding which Goudeau did not appeal. In fact it spends an entire section of its Brief, Section B, discussing Goudeau's *prima facie* case. See Appellee's Brief, pgs. 13-14. Because the matter of Goudeau's *prima facie* case is not at issue, and was not addressed in Appellant's Brief, every one of NOV's

arguments which address Goudeau's *prima facie* case regarding discrimination based on age must be wholly disregarded as improper and stricken from the record.

2.  <u>The District Court Held that Goudeau had Established a *Prima Facie* Case for Discrimination Based on Age.</u>

The District Court appropriately found that Goudeau had established all elements necessary to prove that he had been discriminated against based on his age. There is no reason to overturn this decision and again Appellant has not asked this Court to review that issue. Nevertheless, because NOV briefed the issue Goudeau will briefly reiterate the District Court's appropriate holding.

The parties did not dispute the first three elements of Goudeau's age discrimination *prima facie* case. The only issue left to decide for the District Court was whether or not Perkin's disparaging comments met the fourth element. ROA 831. The Court ultimately held,

> "When comments are offered as circumstantial evidence in the context of the *McDonnell Douglas* analysis, the Plaintiff must establish "(1) discriminatory animus (2) on the part of a person that is either primarily responsible for the challenged employment action or by a person with influence or leverage over the relevant decisionmaker." *Reed*, 701 F.3d at 441 (citing *Laxton*, 333 F.3d at 583). **The Court is satisfied that the comments attributed to Perkins satisfy this standard.** The statements are at least arguably disparaging and it is undisputed that Perkins made the decision to terminate Goudeau. Indeed, in similar circumstances, the Fifth Circuit has held that ageist remarks "easily establish[]" the fourth element of a prima facie case. *Rachid*, 376, F.3d at 313." ROA 830-831 (Emphasis added).

Remarks will serve as sufficient evidence of age discrimination if they are: (1) age related; (2) proximate in time to the employment decision, (3) made by an individual with authority over the employment decision at issue, and (4) related to the employment decision at issue. *Moss v. BMC Software, Inc.*, 610 F.3d 917, 929 (5th Cir. 2010)(quoting *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 683 (5th Cir. 2001)).

Goudeau's proffered evidence included comments made by Perkins such as, "there sure are a lot of old farts around here" immediately followed by inquiries into employees' ages; Perkins' discussing plans to terminate older employees; and insensitive and derogatory comments such as, "is this where the old people meet?" and referring to Goudeau's clothing as "old man clothes." Such comments were not made once by Perkins but on a number of occasions.

These comments were undoubtedly age related, proximate in time to the employment decision, which was initiated by Perkins; made by Perkins, who had authority over the decision to terminate Goudeau (in fact, he requested Goudeau's termination); and related to the employment decision at issue. The comments no doubt evidenced a discriminatory animus on the part of Perkins, who was primarily responsible for Goudeau's termination.

More importantly, all of these comments were made shortly after Perkins became Goudeau's supervisor. Goudeau expressed his opposition to the remarks

and complained to H.R., and as a result, Perkins began targeting him to terminate him. Shortly after January of 2011, Goudeau received the first write-up of his career which he complained to HR about. This was followed by his poorest performance review, which again, Goudeau complained about to H.R. There is no doubt that Perkins knew of Goudeau's complaints to H.R. as well. By August of 2011, Goudeau was terminated, under the direction of Perkins.

Plaintiff provided the District Court with adequate evidence to demonstrate that there were genuine issues of material fact as to whether he was discharged because of his age. As such, the District Court rightly held that Goudeau had met all of the elements of an age discrimination claim and the issue is moot.

3.   <u>Pretext</u>

There was clear evidence presented that Perkins did not act in good faith in terminating Goudeau and that NOV's proffered legitimate non-discriminatory reasons for his termination are pretext.

The undisputable facts demonstrate that Goudeau was presented with four write ups, which he had never before been presented with, on the day of his termination (ROA 391 and ROA 433). These write up are clear evidence of the falsity of NOV's explanation for Goudeau's termination. The timing of their receipts is also critical and forms the basis for disputed factual issues.

NOV asserts that the four write ups which Goudeau received were "presented to Goudeau by Perkins and/or in the presence of HR and they were not all presented to him on the day of his termination." See Appellee's Brief, pg. 5. This is not supported by the evidence. Perkins specifically testified that he could not remember when the write ups were presented to Goudeau. ROA 452. He stated, "I don't recall if they were given to him at the same time or not, but those were presented to him prior to August 11th." Id. Perkins also testified that each of the write ups was presented to Goudeau by himself and/or in the presence of a person from HR. ROA 175. However, Perkins cannot recall <u>when</u> that occurred. Id.

NOV's statement then, that all four write ups were not presented to Goudeau on his termination date, is not fully supported by the record evidence. NOV has presented no evidence to support this statement other than Perkins own testimony.

Goudeau testified that at his termination meeting he was presented, for the first time, with four warning notices which he had never before seen. ROA 405; ROA 421; ROA 422; and ROA 424. Goudeau testified that he received, on the day of his termination, a Second Warning notice, dated July 5, 2011; a Third Warning Notice, dated July 15, 2014; a Final Warning Notice, dated July 15, 2011; and another Final Warning Notice, dated August 10, 2011. Id. Curiously, all of these warnings also indicate that the "Consequences" for the Warnings are

"Termination." Surely, had Goudeau been warned prior to his termination, as NOV suggests, that he was being "terminated" or that he was in danger of being "terminated," he would have remembered receiving that type of Notice. Nevertheless, there are very clearly genuine issues of material fact as to whether Goudeau's termination was legitimate given the dubiousness surrounding the timing and legitimacy of these write ups.

Further, NOV argues that the write-ups Perkins issued to Goudeau were warranted and that Goudeau did not produce any evidence to cast doubt on that fact. In fact, Goudeau presented a mountain of evidence casting doubt on that fact and casting doubt on his termination.

After Goudeau's complaint about his first write up in January, 2011, and after he opposed Perkin's comments and his plan, Goudeau testified that Perkins stopped talking and socializing with him. Perkins also removed Goudeau's responsibilities and authority to the point that Goudeau was unable to properly perform his job responsibilities; and he ordered Goudeau's employees to report to him, rather than Goudeau. ROA 430-434, ROA 373, ROA 381.

Bill Fisher also testified that he noticed a change in Perkins and Goudeau's relationship following Goudeau's complaints as well. Fisher testified that they were not friendly towards one another other after Goudeau complained; they stopped socializing and he specifically stated that he noticed that Goudeau did not

9

have any employees reporting to him anymore, where previously Goudeau had supervised several employees in his department. ROA 478.

Following his complaints about discrimination the evidence presented demonstrates that Goudeau essentially became impotent. Due to Perkins' retaliation, Goudeau lost his ability to manage his employees, he lost his authority to conduct performance reviews, and his access to their personnel files was eliminated. Id. By January, 2011, most of Goudeau's management authority and all of his power had been taken away. ROA 373. NOV has presented no evidence to refute this fact. When he was ultimately terminated, the reduced responsibilities and authority directly related to the write ups Goudeau received.

The only evidence NOV offers to demonstrate a legitimate non-discriminatory basis for Goudeau's termination is Perkins own self-serving testimony and a few vague and innocuous emails. It also submitted one performance review and the dubious write ups. NOV submitted no evidence to support the legitimacy of the write ups, no witnesses to validate the write ups, nor were any witnesses presented to support Goudeau's performance issues.

Given Goudeau's testimony vehemently repudiating the write ups; the fact that he testified that he did not receive the four write ups until the day he was terminated and because there is little, if any, evidence to refute this fact; in addition to the fact that Goudeau's management authority had been taken away and used to

support his write ups, genuine issues of material fact undoubtedly exist as to the legitimacy of Goudeau's termination and whether NOV's proffered reason for his termination was pretext.

4. <u>Retaliation</u>

### A. The District Court held that Goudeau's Complaints were Protected Activity

There is no dispute that Goudeau was subjected to an adverse employment action for purposes of his retaliation claim. The District Court held that Goudeau's complaints to H.R. that Perkins was retaliating against him and complaining of age discrimination were protected activities. ROA 832. The District Court also found that Goudeau's complaints clearly asserted rights protected by the ADEA and TCHRA and called for their protection. Id. Therefore, Goudeau met these elements of his *prima facie* case for retaliation. Id.

Again, for the same reasons stated above, NOV did not file a cross appeal in this case. Any attempt to circumvent the District Court's holding is thus untimely and inappropriate unless the matter was addressed by the appellant. Nevertheless, NOV argues that Goudeau did not engage in protected activities, despite the District Court's holding otherwise, and despite the fact that Goudeau did not address this matter in his brief. For these reasons, any argument that Goudeau did not engage in protected activity is not appropriately before the Court and must be disregarded in its entirety.

Despite the complete inappropriateness of NOV's argument with regard to whether Goudeau engaged in a protected activity, Goudeau will address the argument only to reiterate the accuracy of the District Court's finding.

NOV states that there is no competent record evidence that during his employment with NOV, Goudeau ever complained to anyone in H.R. See Appellee's Brief, pg. 6. In fact, as the record evidence shows, after Perkins's "old farts" comment, Goudeau complained directly to H.R. and told them about Perkin's inappropriate comments and his intent to terminate the older employees. ROA 366. After his first write up, Goudeau again filed a complaint with H.R. ROA 644. After he received the poor performance review, once again Goudeau complained to H.R. Goudeau informed H.R. that the review was retaliation by Perkins because of his complaints to H.R. regarding Perkins's discriminatory comments and his plan to get rid of the older employees. ROA 373.

Therefore, based on all of the evidence presented, the District Court rightly held that Goudeau complained of an adverse employment action and the Court's decision, being undisputed by Goudeau in the first place, must stand.

**B. A Causal Connection Exists.**

With respect to Goudeau's retaliation claim, Goudeau's brief did address whether a causal connection existed between his protected activity and his termination. This was because the District Court held that no causal connection

existed between Goudeau's protected activity and his termination. Therefore, this is the only issue that need be addressed in this appeal, and in fact was the only issue with regard to retaliation with Goudeau rightly addressed by NOV in its Response.

NOV argues that a temporal proximity of more than four months is insufficient to establish a causal link between protected activity and an adverse employment action. See Appellee's Brief, pg. 34.

As stated in his Brief, Goudeau's termination must be viewed as dynamic and as the end of a series of events that ultimately led up to his termination. To view it any other way is to be impossibly short sighted. Goudeau's termination was a culmination of events which occurred, and which NOV does not dispute occurred, immediately following complaints he made to Perkins and to H.R. about age discrimination. Consider the following:

- Perkins became Goudeau's supervisor around August or September 2010. ROA 433.
- Goudeau received his first write-up ever with the Company in January, 2011. ROA 356 and ROA 637.
- Goudeau complained to H.R. about his ever first write up in January, 2011. ROA 356.
- Perkins was aware of Goudeau's complaint about the first write-up. ROA 356.
- Between August, 2010 and January, 2011, Perkins made discriminatory age related comments and expressed his plan to get rid of the older employees, which Goudeau opposed directly and to H.R. ROA 431-432.
- Between August, 2010 and January, 2011, Goudeau complained to H.R. about Perkins's "old farts" comment. ROA 364.

- Between August, 2010 and January, 2011, most of Goudeau's responsibilities and managerial powers were taken away from him. ROA 382.
- In March, 2011 Goudeau received his worst ever performance review;
- Following his poor performance review Goudeau again complained to H.R. about discrimination and retaliation. ROA 373.
- Perkins was aware of Goudeau's complaints to H.R. about his performance review, discrimination and retaliation. ROA 373-374.
- Goudeau was terminated on August 11, 2011. ROA 433.
- On August 11, 2011, Goudeau received, for the first time, three reprimands:
  - A "Second Warning," dated July 5, 2011; ROA 487
  - A "Third Warning," dated July 15, 2011; ROA 490
  - A "Final Warning," dated July 15, 2011. ROA 492
- On August 11, 2011, Goudeau also received another "Final Warning," dated August 10, 2011. ROA 494.
- In the second, third and two-final warnings, all stated that the consequences for Goudeau's performance issues would be "Termination."

Based on this complete timeline it is clear that Goudeau was ultimately terminated following his multiple complaints about Perkin's plan and after Perkin's had written him up, given him a poor performance review, taken away his managerial responsibilities and generally made his work environment incredibly hostile. The timeline also shows that the events which led to Goudeau's termination were a culmination of a series of events, and a culmination of multiple complaints, and thus included not just one, but multiple examples of protected activities. Thus the closeness in time between his protected activities and his termination must be seen as small blocks of events which ultimately climaxed in a grand finale.

A causal connection has clearly been shown to exist between Goudeau's complaints and his termination. Goudeau was terminated following this series of events and after numerous complaints to HR. At the very least, there is no doubt that the timeline indicates that a factual issue exists regarding the causal connection between Goudeau's termination and his complaints.

## CONCLUSION

For the foregoing reasons, the District Court's decision should be reversed and the case remanded to the Court for further proceedings consistent with this ruling.

Respectfully submitted,



_____
Terrence R. Robinson
Texas SBN: 17112900
Fed. I.D. No.: 14218
Michelle Mishoe Miller
Texas Bar No. 24044991
SD No. 997007
5433 Westheimer Rd. Suite 825
Houston, Texas 77056
Tel: (713) 742-0900
Fax: (713) 742-0951

*Counsel for NOV-Appellant Maurice Goudeau*

# **CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because the brief contains 3,099 words, including the parts of the brief exempted by FED. R. APP. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14 Point Font.

Dated:    Houston, Texas

October 6, 2014



_____
Terrence R. Robinson
Texas SBN: 17112900
Fed. I.D. No.: 14218
5433 Westheimer Rd. Suite 825
Houston, Texas 77056
Tel: (713) 742-0900
Fax: (713) 742-0951

*Counsel for Goudeau-Appellant Maurice Goudeau*

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that a true and correct copy of *Appellant's Reply Brief* has been forwarded to counsel of record for NATIONAL OILWELL VARCO, L.P., electronically and served via the Court's electronic filing system on this 6TH day of October, 2014:

Christopher E. Moore, Esq.
TX State Bar No. 24052778
SDTX Admission No. 713063
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Shell Square
701 Poydras St., Suite 3500
New Orleans, LA 70139
Telephone: (504) 648-3840
Facsimile: (504) 648-3859
Email: christopher.moore@ogletreedeakins.com
Attorney for NOV National Oilwell Varco, L.P.

kennard
blankenship
robinson P.C.

_____
Terrence R. Robinson